## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

**FIRST SECURITY BANK**                                                        **PLAINTIFF**

**vs.**                                        **Case No. 4:10-cv-00910 BSM**

**EDWARD M. HARVEY and**
**BONNIE P. HARVEY**                                                          **DEFENDANTS**

## ORDER

The Court, having been notified by the parties that they have reached a settlement of this action as evidenced by the signatures of their Counsel hereto, hereby finds and orders as follows:

1.      On July 15, 2010, Plaintiff First Security Bank filed its Complaint for Fraudulent Transfers thereby initiating this action, and on August 10, 2010, filed its Motion for Temporary Restraining Order in which it sought an Order of this Court prohibiting the Defendants from transferring or selling any assets owned by them, or owned by any entity owned or controlled by them, pending a preliminary injunction hearing.

2.      On August 17, 2010, this Court entered a temporary restraining order (hereinafter referred to as the "TRO") in which it granted Plaintiff's Motion and further set a preliminary injunction hearing on September 7, 2010.

3.      Pursuant to the terms of the TRO, this Court forbade the Defendants from selling or transferring any of their assets, or the assets of any companies they control, until the preliminary injunction hearing.

4.      Pursuant to the TRO, the Defendants are currently unable to proceed with the scheduled sale of a 126-foot Christensen yacht known as the *Emerald Isle* (hereinafter referred to as the "Yacht"), which sale is set for August 24, 2010.

5.     That the parties have agreed to allow the sale of the Yacht to proceed such that proceeds from the sale of the Yacht may be used to fund a settlement of Plaintiff's claims against the Defendants pursuant to the terms of a Settlement Agreement (hereinafter referred to as the "Settlement Agreement") which has been entered into by the parties on August 23, 2010.

6.     The TRO is hereby relaxed in part to allow the Defendants to sell the yacht and to apply monies realized from the sale pursuant to the Settlement Agreement.  Pursuant to the terms of the Settlement Agreement, the TRO shall remain in place in all other respects and, by this Order, shall ripen into a preliminary injunction.  The Defendants are prohibited from distributing or transferring any excess sales or auction proceeds realized from the sale except as provided in this Order and the Settlement Agreement.

7.     Upon the sale of the Yacht and payment of monies in accordance with the Settlement Agreement, the Defendants shall cause the entity holding the auction of the Yacht to remit directly to Plaintiff any excess sales or auction proceeds up to the amount of Four Hundred Fifty Thousand and No/100 Dollars ($450,000.00) by wire transfer.

8.     Provided that not less than Four Hundred Fifty Thousand and No/100 Dollars ($450,000.00) is remitted to Plaintiff from the auction or sales proceeds of the Yacht, Plaintiff shall submit a precedent to the Court dissolving the preliminary injunction in its entirety and dismissing this action.

9.     Provided that less than Four Hundred Fifty Thousand and No/100 Dollars ($450,000.00) is remitted to Plaintiff from the sales or auction proceeds, Plaintiff shall notify the Court of the deficiency and, upon such notification, further litigation in this matter shall be stayed for a period of ninety (90) days while the parties complete the terms of the

2

Settlement Agreement. During this stay, the preliminary injunction and restraining order shall remain in full force and effect.

10.    Immediately upon payment by the Defendants to Plaintiff of the sums required to be paid in the Settlement Agreement, whether by proceeds of the auction or sale of the Yacht or otherwise, Plaintiff shall submit a precedent to the Court dissolving the preliminary injunction in its entirety and dismissing this action.

11.    Upon expiration of the ninety (90) day stay period, provided the terms of the Settlement Agreement have been fulfilled by the parties, Plaintiff shall submit a precedent dismissing this action to the Court. Provided the terms of the Settlement Agreement have not been fulfilled by the parties at that time, Plaintiff may submit to the Court for entry a Consent Judgment which has been entered into by the parties.

    **IT IS SO ORDERED** this ___ day of _____ 2010.

                                        _____
                                        UNITED STATES DISTRICT JUDGE

**AGREED AS TO FORM AND SUBSTANCE:**

JACK NELSON JONES
JILES & GREGORY, P.A.
Frauenthal Building
904 Front Street
Conway, Arkansas 72032
(501) 329-1133

By: /s/ Gary D. Jiles
    Gary D. Jiles (88118)

Attorneys for Plaintiff, First Security Bank

3

WATTS, DONOVAN & TILLEY, P.A.
200 River Market Avenue
Suite 200
Little Rock, Arkansas 72201-1769
(501) 372-1406

By: /s/ David M. Donovan
     Richard N. Watts, Esq. (82-174)
     David M. Donovan, Esq. (81-184)

Attorneys for Defendants, Edward M. Harvey
and Bonnie P. Harvey

4